UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JACQUELINE MCDONNELL and<br>MATTHEW MCDONNELL<br>     Plaintiffs,<br><br>     v.<br><br>RAMBIR SAMRA and<br>MONTANA GROUP OF COMPANIES<br>LIMITED<br>     Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. 1:25-cv-11529<br><br><br><br><br><br><br><br><br><br>MAY 29, 2024 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. At all relevant times, Plaintiffs Jacqueline and Matthew McDonnell are residents and citizens of the State of Connecticut.

2. At all relevant times, Defendant Rambir Samra is a resident and citizen of Brampton, Regional Municipality of Peel, Ontario, Canada.

3. Defendant Montana Group of Companies Limited is an Ontario, Canada business corporation with its principal place of business in Caledon, Regional Municipality of Peel, Ontario, Canada.

4. Subject matter original jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1333 on the basis of diversity of citizenship between citizens of a State and citizens or subjects of a foreign state, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over each Defendant on the basis of the Massachusetts long-arm statute, Mass. G. L. c. 223A, § 3(c), for causing tortious injury by an act or omission in this Commonwealth.

6. Venue is proper in the District of Massachusetts under 28 U.S.C. 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district,

and Defendants are subject to this Court's personal jurisdiction with respect to the instant action.

7. At all relevant times, Defendant Montana Group of Companies Limited (hereinafter "Montana") was and remains a common carrier engaged in the business of transporting cargo for hire.

8. At all relevant times, Defendant Ranbir Samra was a Montana employee whose acts and omissions were performed within the scope and course of his employment by Montana.

9. On August 15, 2023, Jacqueline McDonnell was lawfully operating a 2017 Honda CR-V motor vehicle owned by Matthew McDonnell eastbound on I-90 in Framingham, MA in the center lane of that three-lane highway.

10. On August 15, 2023, Defendant Ranbir Samra was operating a Montana 2019 Freightliner tractor-trailer truck eastbound on I-90 in Framingham, MA in the center lane of that three-lane highway behind the Honda vehicle operated by Jacqueline McDonnell.

11. At that time and place the highway speed limit was 65 miles per hour, it was raining, and the highway roadway was wet.

12. At that time and place Jacqueline McDonnell observed that a motor vehicle accident had occurred a distance in front of her highway location, and she began to slow down her vehicle because of the slowed-down traffic she observed in front of her due to the accident.

13. At that time and place Defendant Ranbir Samra forcibly and violent rear-ended the Montana Freightliner tractor-trailer truck into the rear end of the Honda vehicle Jacqueline McDonnell was driving, causing Jacqueline McDonnell serious injuries and damages.

14. The injuries and damages sustained by Jacqueline McDonnell from said forcible and violent tractor-trailer truck rear-end collision were proximately caused by the negligence, carelessness, negligence per se, and recklessness of the Defendant, Ranbir Samra, whose conduct endangered the lives and safety of the public and Jacqueline McDonnell, including that:

    a. he operated the tractor-trailer truck at a speed greater than was reasonable having due regard to the width, traffic, and use of the public highway under the

        circumstances then and there existing;

b.     he failed to decrease the speed of the tractor-trailer truck when a special hazard existed with the known and existing traffic accident in front of his path of highway travel in violation of 700 C.M.R. 9.06 (28);

c.     he operated the tractor-trailer truck at a speed that was greater than the established and posted speed limit in violation of G. L. c. 90, s. 17, and 700 C.M.R. 9.06 (23);

d.     he failed to slow down the tractor-trailer truck with the known and existing slowing and slowed-down highway traffic in front of him, including Jacqueline McDonnell's slowing-down vehicle directly in front of him, G.L. c. 89, s. 9, and 700 C.M.R. 9.06 (10)(e) and (23);

e.     he failed to keep a proper and reasonable lookout for the vehicle traffic in front of the tractor-trailer truck he was operating on said highway, although by a proper and reasonable exercise of his faculties, he could and should have done so;

f.     he failed to slow down and stop the tractor-trailer truck to yield to Jacqueline McDonnell's vehicle in front of him in violation of G.L. c. 89, s. 11, and 700 C.M.R. 9.06 (27) and (28);

g.     he operated the tractor-trailer truck recklessly endangering the lives and safety of the public and Jacqueline McDonnell in violation of G. L. c. 90, s. 24;

h.     he operated the tractor-trailer truck in an inattentive manner, and failed to maintain proper and reasonable control of the tractor-trailer so as to operate it on said highway in a safe and prudent manner, although by a proper and reasonable exercise of his faculties, he could and should have done so;

i.     he failed to apply the tractor-trailer truck's brakes to slow down and stop in time to avoid colliding into Jacqueline McDonnell's vehicle, although by a proper and reasonable exercise of his faculties, he could and should have done so;

    j.    he failed to sound the tractor-trailer truck's horn or otherwise provide a timely warning to Jacqueline McDonnell of the impending tractor-trailer forcible and violent rear-end collision into her vehicle in violation of 700 C.M.R. 9.06 (15) and (28), although by a proper and reasonable exercise of his faculties, he could and should have done so; and

    k.    he failed to turn the tractor-trailer truck to the right or to the left in order to avoid colliding into Jacqueline McDonnell's vehicle in violation of 70 C.M.R. 9.06 (28), although by a proper and reasonable exercise of his faculties, he could and should have done.

15. As a result of said forcible and violent tractor-trailer truck rear-end collision, Jacqueline McDonnell sustained multiple and severe and traumatic blunt force traumas to her head, brain, face, neck, right shoulder, elbow, arm and right hip, her back, knees, legs, and other parts of her body, concussions, contusions, whiplash injuries, lacerations, bruises, and internal injuries to her joints, ligaments, soft tissues, nerves and blood vessels, causing chronic and severe head, face, neck, shoulder, back, arm, hip, leg and other very severe body pain and suffering, migraine headaches, throbbing, numbness, soreness, stiffness, and permanent, disabling and dysfunctional injuries and damages.

16. As a result of said forceful and violent tractor-trailer truck rear-end collision, Jacqueline McDonnell sustained multiple severe, life-threatening, extremely painful and disabling injuries, including but not limited to multiple skull impacts, brain concussions, traumatic movements of the brain within the scull, contusion expansions, and resulting traumatic brain injuries, and post-concussion syndrome.

17. As a further result of said forceful and violent tractor-trailer truck rear-end collision, Jacqueline McDonnell has and continues to incur substantial expenses for medical, diagnostic testing, medicines, rehabilitation and physical therapies, and related medical services and expenses, and

she will be required to continue to incur further and additional medical expenses in the future, all to her further loss and damage.

18. As a further result of said forceful and violent tractor-trailer truck rear-end collision, Jacqueline McDonnell has and continues to have difficulty concentrating and focusing on her personal and work life activities, is easily fatigued, continues to suffer from intermittent painful migraine headaches, blurred vision, vertigo, dizziness, nausea and vomiting.

19. As a result of said forceful and violent tractor-trailer truck rear-end collision, and her multiple and severe and traumatic blunt force traumas to her head, brain, face, neck, right shoulder, elbow, arm and right hip, her back, knees, legs, and other parts of her body, concussions, contusions, whiplash injuries, lacerations, bruises, and internal injuries, Jacqueline McDonnell suffered and continues to suffer from severe emotional distress and post-traumatic stress disorders.

20. As a further result of said forceful and violent tractor-trailer truck rear-end collision, and Jacqueline McDonnell is limited and restricted in her personal and social activities and personal development, she has diminished cognitive functions, memory loss, difficulties with speech and finding words in simple conversations, difficulty with reading concentration, comprehension and retention.

21. As a further result of said forceful and violent tractor-trailer rear-end collision, Jacqueline McDonnell has and continues to be limited and restricted in her work activities, her professional development, and her future income earning capacity has been permanently impaired.

22. As a further result of said forceful and violent tractor-trailer truck rear-end collision, Jacqueline McDonnell Jacqueline McDonnell is fearful of vehicles on the roadways and highways, her injuries limit her everyday activities, and she will continue to suffer the loss of enjoyment of many of the usual pleasures of her life's activities to her further loss and damage.

**SECOND COUNT**

1. Paragraphs 1 through 22 of the First Count are hereby incorporated and made Paragraphs 1 through 22 of this the Second Count.

23. At all relevant times, the Defendant Montana Group Companies Limited was the owner of the 2019 Freightliner tractor-trailer truck operated by the Defendant Rambir Samra at the date, time and location of the forceful and violent tractor-trailer rear-end collision into Jacqueline McDonnell's vehicle.

24. At the date, time and location of the forceful and violent tractor-trailer truck rear-end collision into Jacqueline McDonnell's vehicle, Defendant Rambir Samra was operating Defendant Montana's Freightliner tractor-trailer truck with the knowledge, permission and consent of Montana.

25. Pursuant to G.L. c. 231, c. 85A, and 700 C.M.R. 9.07 (2), Montana, as the owner of the Freightliner tractor-trailer truck, is legally responsible and liable to Jacqueline McDonnell for her injuries and damages from the forceful and violent tractor-trailer truck rear-end collision that was proximately caused by the negligence, carelessness and recklessness of the Defendant Rambir Samra, who at that date, time and location operated and controlled the operation of the Freightliner tractor-trailer truck.

**THIRD COUNT**

1. Paragraphs 1 through 25 of the Second Count are hereby incorporated and made Paragraphs 1 through 25 of this the Third Count.

26. At all relevant times, Plaintiffs Jacqueline and Matthew McDonnell were lawfully married husband and wife.

27. As a consequence of Defendant Rambir Samra's negligence and recklessness in causing Jacqueline McDonnell's personal injuries, physical and emotional damages and disabilities, Plaintiff Matthew McDonnell has lost and suffered, and continues to suffer, from the loss of

consortium, support, and services of his wife Jacqueline McDonnell for which Rambir Samra is legally responsible.

**FOURTH COUNT**

1. Paragraphs 1 through 26 of the Third Count are hereby incorporated and made Paragraphs 1 through 26 of this the Third Count.

27. As a consequence of Defendant Montana Group Companies Limited vicarious liability for Defendant Rambir Samra's negligence and recklessness in causing Jacqueline McDonnell's personal injuries, physical and emotional damages and disabilities, Plaintiff Matthew McDonnell has lost, suffered and continues to suffer, from the loss of consortium, support, and services of his wife Jacqueline McDonnell for which Montana is legally responsible.

**WHEREFORE**, the Plaintiffs claim and demand:

1. Money damages in the amount of ONE MILLION FIVE HUNDRED ($1,500,000.00) DOLLARS, exclusive of interest and costs as to all Defendants;
2. Common law and statutory punitive damages;
3. Attorneys' fees, interest and costs; and
4. Such other relief at law or in equity as the Court may deem just and proper.

**JURY DEMAND**

The Plaintiffs hereby demand a trial by jury on all issues so triable.

PLAINTIFFS

BY /s/ *Steven E. Arnold*
    Steven E. Arnold BBO #649213
    sea@salaw.us
    SA Law, P.C.
    8 Whittier Place
    Boston, MA 02114
    (617) 670-0868
    Their Attorneys